Efrain VILLARREAL, Plaintiff–
Appellant,

v.

CHICAGO TRANSIT AUTHORITY,
Defendant–Appellee.

No. 03–4133.

United States Court of Appeals,
Seventh Circuit.

Submitted May 14, 2004.*

Decided June 24, 2004.

Efrain Villarreal, Chicago, IL, pro se.

Stephen L. Wood, Chicago Transit Authority Law Department, Chicago, IL, for Defendant–Appellee.

Before POSNER, MANION, and DIANE P. WOOD, Circuit Judges.

ORDER

Efrain Villarreal is a Mexican–American who began working for the Chicago Transit Authority in 1979. In March 2001, Villarreal received a written warning from his supervisor after a female employee reported that he had made inappropriate sexual comments to her. Six months later, another female employee complained that Villarreal had tried to touch her in a sexual manner and then twice threatened her with unwarranted discipline after she refused his advances. The same month the second employee filed her complaint, Villarreal committed a major safety violation when he drove a train past a red signal and then failed to follow the required procedures for reporting the incident. As a result of all three incidents, the CTA fired Villarreal. Villarreal filed suit alleging that his termination was due to race discrimination and retaliation. The district court granted summary judgment for the CTA.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Villarreal's pro se brief on appeal offers no insight into why he believes the district court erred. Instead of presenting a statement of facts, a statement of the issues, and an argument with citations to supporting authority and the record, *see* Fed. R.App. P. 28(a), Villarreal has provided a list of facts he predicts could be established through additional discovery, followed by an unexplained list of citations to largely irrelevant authority. Although we construe pro se filings liberally, Villarreal's brief contains no cognizable argument and we must therefore dismiss his appeal. *See Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001).

DISMISSED.